**Affirmed and Memorandum Opinion filed January 31, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00094-CR

---

**EDMOND DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1239885**

---

## MEMORANDUM OPINION

In a single issue, appellant, Edmond Davis, contends the evidence is legally insufficient to support his conviction for indecency with a child. We affirm.

# I. BACKGROUND

At pertinent times, the complainant, L.I., lived with her maternal grandmother. For some period, various family members thought that appellant was the biological father of L.I.'s half-sister. The half-sister and appellant lived with his mother. L.I. spent some weekends and school breaks at their home, so she could visit her half-sister, and L.I. considered appellant a father figure.

According to L.I., when she was eleven years old, she was at their home when appellant, who was in his thirties, remarked L.I. was developing breasts. L.I. further testified she observed appellant masturbating in the home a total of four or five times over a two-year period. At trial, she described two specific instances.

On one occasion when L.I. was about twelve years old, she was seated in the den when she noticed appellant was standing in the nearby kitchen and was "masturbating back and forth" while "playing" with his ear and looking at L.I. Appellant had pulled out his penis through his unzipped pants while otherwise clothed. L.I. briefly had eye contact with appellant and then looked away. Appellant ceased this activity when L.I. paid no attention.

On another occasion, L.I. was sleeping during the early morning in the bedroom of appellant's mother. L.I. awoke to find her covers had been pulled back and appellant was "standing over" her and masturbating while looking at her face. He had again pulled out his penis through his unzipped pants. L.I. was scared because the other incidents occurred from a distance, but this time she was alone with appellant in the same room, and the door was closed. L.I. unlocked the door and left the room to find her half-sister.

Approximately a year later, L.I. had a conversation with a police officer at L.I.'s school, who reported the incidents to Children's Protective Services. L.I.

2

was interviewed at a Children's Advocacy Center, and the interview led to a police investigation. Appellant was eventually charged with indecency with a child. A jury convicted appellant of the offense. The trial court found two enhancement paragraphs were "true" and sentenced appellant to twenty-five years' confinement.

## II. ANALYSIS

In his sole issue, appellant contends the evidence is legally insufficient to support his conviction for indecency with a child.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational fact finder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). We do not sit as thirteenth juror and may not substitute our judgment for that of the fact finder by re-evaluating weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Rather, we defer to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* Our duty as reviewing court is to ensure the evidence presented actually supports a conclusion that the defendant committed the crime. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

"A person commits an offense if, with a child younger than 17 years . . ., the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes . . . any part of the person's genitals, knowing the child is present . . . ." Tex. Penal Code Ann. § 21.11(a)(2)(A) (West 2011). Appellant does not dispute he exposed his penis, knowing L.I. was present. However, appellant argues the

State failed to prove appellant acted "with intent to arouse or gratify [his] sexual desire." *See id.* The requisite "intent to arouse or gratify the sexual desire" can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981).

Appellant contends the exposures lasted for only a few seconds—a purportedly insufficient length of time for appellant to arouse or gratify his sexual desire. With respect to the first above-described incident, L.I. did testify she saw appellant masturbate for only a few seconds. However, appellant was already masturbating when L.I. noticed him, and then she looked away after a few seconds. With respect to the second above-described incident, L.I. testified appellant was already masturbating when she awoke and she then looked away. Thus, the evidence negates appellant's contention he exposed his penis for only a few seconds during those incidents.

Appellant also emphasizes the State did not prove appellant achieved an erection during the incidents. However, evidence a male offender had an erect penis is not a requisite for proving the intent element. *See Gregory v. State*, 56 S.W.3d 164, 171 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd ). Further, the State is not required to prove the defendant actually aroused or gratified his or another person's sexual desire. *See* Tex. Penal Code Ann. § 21.11(a)(2)(A). Rather, the State is merely required to prove the defendant possessed *intent* to arouse or gratify such sexual desire. *See id.*

Additionally, appellant argues he did not engage in any "attention getting device" such as pointing to his exposed penis. However, appellant cites no authority imposing such a requirement for the intent element to be satisfied.

Finally, appellant characterizes the exposures of his penis as inadvertently resulting from living in close quarters with family members. The jury could have rationally rejected this proposition based on the number of incidents, the manner in which appellant exposed himself, and the locations where he conducted this activity. Specifically, the jury could have rationally concluded appellant possessed the requisite "intent to arouse or gratify [his] sexual desire" because on multiple occasions, he masturbated by pulling his penis through his unzipped pants while otherwise clothed, in the kitchen and next to L.I.'s bed, while looking at L.I. Moreover, although L.I. was a preteen at the time of the first incident and had never witnessed any such act, she was twenty-years old and married by the time of trial and testified she was clear appellant was masturbating.

In summary, the evidence is legally sufficient to support the jury's finding that appellant committed indecency with a child. We overrule appellant's sole issue and affirm the trial court's judgment.


/s/    John Donovan
        Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).

5